UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
_____

| | |
|---|---|
| CANADIAN NATIONAL RAILWAY COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NOS. 1814950, 1814958, 1814959, 1814960, 1814961, 1814963, 1814973; AMERICAN INTERNATIONAL GROUP UK LIMITED, f/k/a/ AIG EUROPE LIMITED; AXA XL, f/k/a XL INSURANCE COMPANY OF CANADA; ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; STARR INSURANCE & REINSURANCE LIMITED; HDI SPECIALTY INSURANCE COMPANY; ASSICURAZIONI GENERALI S.p.A., IRONSHORE INSURANCE LTD.; and OIL CASUALTY INSURANCE, LTD., as Subrogees of Canadian National Railway Company;<br><br>      Plaintiffs,<br><br>vs.<br><br>THE DAVID J. JOSEPH COMPANY,<br><br>      Defendant. | Case No. 21-cv-11931<br><br>Hon. _____ |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, The David J. Joseph Company ("DJJ") removes this action from the 31st Circuit Court for the County

1

of St. Clair, Michigan to the United States District Court for the Eastern District of Michigan.

## BACKGROUND

1. This lawsuit arises from a June 28, 2019 derailment of a Canadian National Railway Company ("CNR") train in and around Port Huron, Michigan. (*See* Ex. 1, Complaint, *Canadian National Railway Co., et al. v. The David J. Joseph Co.*, No. 21-001180-CB (St. Clair Cty, MI, June 25, 2021) ("Cmplt.") at ¶¶ 22-26.). On July 30, 2021 DJJ removed to this Court a related lawsuit previously served on DJJ and styled *Continental Casualty Co., et al. v. David J. Joseph Co.*, No. 21-001181-CB (St. Clair Cty, MI, June 25, 2021). *Continental Casualty Co., et al. v. David J. Joseph Co.,* No. 2:21-cv-11760-LVP-CI (E.D. Mich., July 30, 2021) (ECF Doc. No. 1, ¶¶ 11-42)) ("*Continental*"). As the instant action and the *Continental* action both arise out of the same alleged set of facts and circumstances and assert the same general causes of action against DJJ, which is the only defendant in each action, DJJ will respectfully request this Court consolidate the instant case with the *Continental* matter for all purposes under Fed. R. Civ. P. 42(a) without waiver of any defense or argument available to DJJ in these actions.

2. The instant Complaint is filed by CNR and alleged subrogees of CNR, seeks recoupment of alleged insured and uninsured property damage payments incurred by or made to CNR and alleged direct and consequential damages for

breach of contract incurred by CNR as a result of the alleged negligence of DJJ causing the subject derailment. (Cmplt., ¶¶ 35-36, 40, 46). The Complaint asserts two counts in total. The first count for Negligence against DJJ claims damages "in excess of Forty Million Dollars ($40,000,000)." (*Id.*, Count I, ¶ 40). The second count for breach of contract and implied warranty against DJJ also claims damages "in excess of Forty Million Dollars ($40,000,000)." (*Id.*, Count I, ¶ 46).

## GROUNDS FOR REMOVAL

**Diversity Jurisdiction**

3. Complete diversity of citizenship exists between the properly joined parties, and it is facially evident from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(3). (Cmplt. ¶¶ 1 - 12, 40, 46).

4. The matter in controversy is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

5. As alleged in the Complaint and as alleged herein under 28 U.S.C. § 1332(c)(1), at the time of the filing of this action and at all times relevant hereto:

    a. Canadian National Railway Company ("CNR") is a Canadian corporation with its principal place of business in Montreal, Quebec Canada and thus a Canadian citizen. (Cmplt., ¶ 1).

b. The plaintiffs identified as Certain Underwriters at Lloyd's London Subscribing to Policy Nos. 1814950, 1814958, 1814959, 1814960, 1814961, 1814963, 1814973 ("Certain Underwriters") are appropriately disregarded as unidentified parties but are nonetheless alleged to be foreign organizations with their principal places of business in London, England and thus citizens of the United Kingdom. *See e.g.*, *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006). Certain Underwriters are alleged subrogees to their insured CNR, a Canadian corporation with its principal place of business in Montreal, Quebec Canada. (Cmplt. ¶¶ 1, 2);

c. American International Group UK Limited ("AIG UK") is a United Kingdom corporation with its principal place of business in London, England and thus a citizen of the United Kingdom. AIG UK is an alleged subrogee to its insured CNR, a Canadian corporation with its principal place of business in Montreal, Quebec Canada. (Cmplt. ¶¶ 1, 3).

d. AXA XL f/k/a XL Insurance America, Inc. ("AXA XL") is a Bermuda corporation with its principal place of business in Hamilton, Bermuda and thus a citizen of Bermuda. AXA XL is an alleged subrogee to its insured CNR, a Canadian corporation with its principal place of business in Montreal, Quebec Canada. (Cmplt. ¶¶ 1, 4).

  e. Royal & Sun Alliance Insurance Company of Canada ("RSA Canada") is a Canadian corporation with its principal place of business in Toronto, Ontario, Canada and thus a Canadian citizen. RSA Canada is an alleged subrogee to its insured CNR, a Canadian corporation with its principal place of business in Montreal, Quebec Canada. (Cmplt. ¶¶ 1, 5).

  f. Starr Insurance & Reinsurance Limited ("Starr") is a Bermuda corporation with its principal place of business in Hamilton, Bermuda and thus a citizen of Bermuda. Starr is an alleged subrogee to its insured CNR, a Canadian corporation with its principal place of business in Montreal, Quebec Canada. (Cmplt. ¶¶ 1, 6).

  g. HDI Specialty Insurance Company ("HDI") is an Illinois corporation with its principal place of business in Chicago, Illinois and thus a citizen of Illinois. HDI is an alleged subrogee to its insured CNR, a Canadian corporation with its principal place of business in Montreal, Quebec Canada. (Cmplt. ¶¶ 1, 7).

  h. Assicurazioni Generali S.p.A. ("Generali") is an Italian corporation with its principal place of business in Trieste, Italy and thus a citizen of Italy. Generali is an alleged subrogee to its insured CNR, a Canadian corporation with its principal place of business in Montreal, Quebec Canada. (Cmplt. ¶¶ 1, 8).

      i.    Ironshore Insurance Limited ("Ironshore") is a Bermuda corporation with its principal place of business in Hamilton, Bermuda and thus a citizen of Bermuda. Ironshore is an alleged subrogee to its insured CNR, a Canadian corporation with its principal place of business in Montreal, Quebec Canada. (Cmplt. ¶¶ 1, 9).

      j.    Oil Casualty Insurance Limited ("Oil Casualty") is a Bermuda corporation with its principal place of business in Hamilton, Bermuda and thus a citizen of Bermuda. Oil Casualty is an alleged subrogee to its insured CNR, a Canadian corporation with its principal place of business in Montreal, Quebec Canada. (Cmplt. ¶¶ 1, 10).

      k.    Defendant, David J. Joseph Company ("DJJ"), is a Delaware Corporation with its principal place of business in Ohio and thus a citizen of Delaware and Ohio. (Cmplt. ¶12).

6.    It is apparent from the face of the Complaint that Plaintiffs seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. Plaintiffs specifically allege the damages at issue are, "in excess of Forty Million Dollars ($40,000,000)." (*Cmplt.*, Count I, ¶ 40, Count II, ¶ 46). Accordingly, any additional requirements as to the amount in controversy in Local Rule 81.1 do not apply here. L.R. 81.1 ("This rule applies to actions removed on the basis of diversity of citizenship in which the complaint does not plead a specific amount in

6

controversy in excess of the jurisdictional amount required under 28 U.S.C. § 1332.").

## THE REMOVAL PREREQUISITES HAVE BEEN SATISFIED

7. Plaintiffs filed this action in the 31st Circuit Court for the County of St. Clair, Michigan on June 25, 2021. DJJ was served on July 21, 2021. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because the thirty-day removal period ends no earlier than August 20, 2021.

8. For the purposes of removal, venue is proper in this Court pursuant to 28 U.S.C. §101 because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1446(a), DJJ attaches to this Notice of Removal a copy of all process, pleadings, and orders entered in this case. (*See* Exhibit 1, attached hereto).

10. DJJ is the only Defendant and no other consents to removal are required.

11. DJJ will promptly give written notice of this removal to Plaintiffs' counsel and to the Clerk of the 31st Circuit Court for the County of St. Clair, Michigan. 28 U.S.C. § 1446(d).

12. By removing this action to federal court, DJJ does not waive any defense or argument available to them.

13. If any question is raised as to the propriety of the removal of this action, DJJ request the opportunity to present a brief and oral argument in support of removal.

|  |  |
|---|---|
|  | Respectfully submitted,<br>Varnum LLP |
| Dated: August 19, 2021 | By: _/s/ Bradley S. Defoe_<br>Bradley S. Defoe (P70233)<br>Attorneys for Defendant<br>260 East Brown Street, Suite 150<br>Birmingham, MI 48009<br>(248) 567-7800<br>bsdefoe@varnumlaw.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2021, I electronically filed the foregoing paper with the Clerk of the Court and served the following via email and first-class mail upon:

Bruce N. Moss
Denenberg Tuffley, PLLC
28411 Northwestern Highway, Ste. 600
Southfield, MI 48034
bmoss@dt-law.com
248-549-3900

Dated: August 19, 2021        By:    _/s/ Bradley S. Defoe_

8

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|---|
| **STATE OF MICHIGAN**<br>31st JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | **SUMMONS AND COMPLAINT** | | CASE NO.<br>21001180CB  |

For: Cynthia Lane

**Court address**
201 McMorran Blvd., Room 1100, Port Huron, MI 48060    (810) 985-2200

| Plaintiff's name(s), address(es), and telephone no(s).<br>CANADIAN NATIONAL RAILWAY COMPANY, et al. | v | Defendant's name(s), address(es), and telephone no(s).<br>THE DAVID J. JOSEPH COMPANY<br>c/o Registered Agent<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
Bruce N. Moss (P36588)
Denenberg Tuffley, PLLC, 28411 Northwestern Highway
Suite 600, Southfield, MI 48034
bmoss@dt-law.com
(248) 549-3900

**SUMMONS**  NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>JUN 25 2021 | This summons expires<br>**91 DAYS** | Court clerk<br>JAY M. DeBOYER |
|---|---|---|

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page _____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

| Date | Signature of attorney/plaintiff |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

RECEIVED JAY M. DEBOYER 06-25-2021 10:39:53 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED
MC 01 (6/17) SUMMONS AND COMPLAINT  MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Note to Plaintiff: The summons is invalid unless served on or before its expiration date.

**PROOF OF SERVICE**

**SUMMONS AND COMPLAINT**
Case No. 2021-_____-CB

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complet address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | |

Signature
_____
Name (type or print)
_____
Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
 Date

My commission expires: _____  Signature: _____
 Date Deputy court clerk/Notary public
Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments
_____ on _____
 Day, date, time
_____ on behalf of _____

RECEIVED JAY M. DEBOYER 06-25-2021 10:39:53 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

STATE OF MICHIGAN

IN THE 31st JUDICIAL CIRCUIT COURT FOR THE COUNTY OF ST. CLAIR

| | |
|---|---|
| CANADIAN NATIONAL RAILWAY COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NOS, 1814950, 1814958, 1814959, 1814960, 1814961, 1814963, 1814973; AMERICAN INTERNATIONAL GROUP UK LIMITED, f/k/a AIG EUROPE LIMITED; AXA XL, f/k/a XL INSURANCE AMERICA, INC.; ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; STARR INSURANCE & REINSURANCE LIMITED; HDI SPECIALTY INSURANCE COMPANY; ASSICURAZIONI GENERALI S.p.A.; IRONSHORE INSURANCE LTD.; and OIL CASUALTY INSURANCE, LTD., as Subrogees of Canadian National Railway Company, <br><br> Plaintiffs, <br><br> v. <br><br> THE DAVID J. JOSEPH COMPANY, <br><br> Defendant. | Case No. 21-001180-CB <br> Hon.: <br><br> **PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Bruce N. Moss (P36588)
DENENBERG TUFFLEY PLLC
28411 Northwestern Hwy., Suite 600
Southfield, Michigan 48034
(248) 549-3900; (248) 593-5808 (fax)
bmoss@dt-law.com
*Attorneys for Plaintiffs*

Plaintiffs verify that this action is comprised of business or commercial disputes, as defined in MCL 600.8031(1)(c), in which the amount in controversy exceeds $25,0000 and meets the Statutory requirement to be assigned to the Business Court.

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

## PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COME Plaintiffs, CANADIAN NATIONAL RAILWAY COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NOS. 1814950, 1814958, 1814959, 1814960, 1814961, 1814963, 1814973; AMERICAN INTERNATIONAL GROUP UK LIMITED, f/k/a AIG EUROPE LIMITED; XL INSURANCE AMERICA, INC.; ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; STARR INSURANCE & REINSURANCE LIMITED; HDI SPECIALTY INSURANCE COMPANY; ASSICURAZIONI GENERALI S.p.A.; IRONSHORE INSURANCE LTD. and OIL CASUALTY INSURANCE, LTD., as Subrogees of Canadian National Railway Company, by and through their attorneys, Denenberg Tuffley, PLLC, and state as follows for their First Amended Complaint against Defendant THE DAVID J. JOSEPH COMPANY:

### PARTIES

1.  That at all times material hereto, Plaintiff, CANADIAN NATIONAL RAILWAY COMPANY (hereinafter referred to as "CN" and/or "Plaintiff" and/or "Insured"), is a corporation incorporated under the laws of Canada with a head office in Montreal, Quebec. CN is engaged in the business of providing freight railway transportation services through Canada and the United States.

2.  That at all times material hereto, Plaintiffs CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NOS. 1814950, 1814958, 1814959, 1814960, 1814961, 1814963, 1814973 are foreign organizations and underwriters of insurance policies. Underwriters are comprised of a group of syndicates acting by and through their appointed active underwriters and with a principal place of business in and around 1 Lime Street, London, England, and authorized to write policies of insurance in Canada and the United States.

RECEIVED JAY M. DEBOYER 07-08-2021 11:17:18 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

3.  That at all times material hereto, Plaintiff AMERICA INTERNATIONAL GROUP UK LIMITED, is an insurance company authorized to write policies of insurance in Canada and the United States.

4.  That at all times material hereto, Plaintiff AXA XL, f/k/a XL INSURANCE AMERICA, INC, is an insurance company authorized to write policies of insurance in Canada and the United States.

5.  That at all times material hereto, Plaintiff ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA, is an insurance company authorized to write policies of insurance in Canada and the United States.

6.  That at all times material hereto, Plaintiff STARR INSURANCE & REINSURANCE LIMITED is an insurance company authorized to write policies of insurance in Canada and the United States.

7.  That at all times material hereto, Plaintiff HDI SPECIALTY INSURANCE COMPANY, is an insurance company authorized to write policies of insurance in Canada and the United States.

8.  That at all times material hereto, Plaintiff ASSICURAZIONI GENERALI S.p.A., is an insurance company authorized to write policies of insurance in Canada and the United States.

9.  That at all times material hereto, Plaintiff IRONSHORE INSURANCE LIMITED is an insurance company authorized to write policies of insurance in Canada and the United States.

RECEIVED JAY M. DEBOYER 07-08-2021 11:17:18 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

10. That at all times material hereto, Plaintiff OIL CASUALTY INSURANCE, LTD., is an insurance company authorized to write policies of insurance in Canada and the United States.

11. Plaintiffs, CANADIAN NATIONAL RAILWAY COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NOS. 1814950, 1814958, 1814959, 1814960, 1814961, 1814963, 1814973; AMERICAN INTERNATIONAL GROUP UK LIMITED, f/k/a AIG EUROPE LIMITED; XL INSURANCE AMERICA, INC.; ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; STARR INSURANCE & REINSURANCE LIMITED; HDI SPECIALTY INSURANCE COMPANY; ASSICURAZIONI GENERALI S.p.A.; IRONSHORE INSURANCE LTD. and OIL CASUALTY INSURANCE, LTD are hereinafter referred to as "Property Insurers".

12. That at all times material hereto, Defendant, The David J. Joseph Company (hereinafter referred to as "DJJ" and/or "Defendant"), is a corporation organized pursuant to the laws of the State of Delaware. DJJ carries on business throughout the United States of America and operates in a number of sectors, including scrap metal recycling. DJJ is authorized to do business in the County of St. Clair, State of Michigan, and its principal place of business is located at 300 Pike Street, Cincinnati, Ohio 45202 with its registered agent located at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

### JURISDICTION AND VENUE

13. The cause of action, as alleged in this Complaint, arose in whole or in part in the County of St. Clair, State of Michigan.

RECEIVED JAY M. DEBOYER 07-08-2021 11:17:18 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

14. The damages that occurred in this action exceed Twenty-Five Thousand Dollars ($25,000.00).

15. That jurisdiction and venue are proper in this Court.

## FACTS AND GENERAL ALLEGATIONS

16. DJJ owns and leases a fleet of railcars and was at all material times the owner of a railcar identified as DJJX30478 ("Railcar 30478").

17. Railcar 30478 was an open top gondola manufactured in 1978 by Berwick Forge. It was purchased in used condition by DJJ in 2012 having been used for utility coal service, and thereafter used by DJJ for transporting scrap iron and steel.

18. Prior to placing Railcar 30478 into service with CN, DJJ designed, engineered and modified Railcar 30478.

19. That prior to June 28, 2019, CN contracted with DJJ to transport railcars belonging to DJJ, including Railcar 30478, across CN's railroad system.

20. Effective March 1, 2019 through February 29, 2020, CN and DJJ were parties to a Confidential Transportation Agreement identified as CN 518160-AJ-0001. (the "Contract"). The Agreement is in the custody of Defendant.

21. At all material times, it was an express or implied term of the Contract that DJJ would only put railcars onto CN's network that were:

    a. compliant with all applicable standards;

    b. fit for intended use on a railroad under normal operating conditions; and

    c. properly inspected and maintained in accordance with industry standards.

RECEIVED JAY M. DEBOYER 07-08-2021 11:17:18 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

22. On the evening of June 27, 2019, CN train M38331-27 (the "Train") departed MacMillan Yard located in Vaughan, Ontario and traveled westbound toward Port Huron, Michigan.

23. The Train stopped in Sarnia, Ontario on the morning of June 28, 2019. The Train's consist was partially changed in Sarnia and the Train departed for Port Huron via the Sarnia Tunnel (the "Tunnel").

24. For this stage of the Train's route, it consisted of 140 railcars including Railcar 30478. The railcars represented 125 loaded cars, 12 empty cars and three residue cars with two head end locomotives and one distributed power locomotive.

25. The Train traveled into the Tunnel in the ordinary course and was operated at all times in accordance with applicable standards, regulations and CN protocols. Soon after the head of the train passed the midway point of the Tunnel, the Train initiated emergency brake application.

26. Investigation following the Derailment revealed that the railcars in positions 52 through 98 of the Train had derailed (the "Derailment").

27. Among the railcars that derailed was the railcar in position 68, which was a tank car carrying approximately 13,000 gallons of sulfuric acid that had been breached and released causing extensive environmental contamination.

28. Investigation following the Derailment further disclosed that Railcar 30478 had several defects, including cracks in the welds that secured the shear plate to the stub sill and cracks where the stub sill connects to the side sill (the "Defects").

29. The Defects negatively impacted Railcar 30478's ability to transfer in-train forces.

RECEIVED JAY M. DEBOYER 07-08-2021 11:17:18 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

30. Railcar 30478 was the initial railcar to derail, and this occurred by reason of a sustained structural failure of the A-end of Railcar 30478. This premature failure of Railcar 30478 was the result of the Defects.

31. Railcar 30478 was only able to withstand approximately 40% of the car design threshold outlined by the Association of American Railroads (the "AAR") Manual of Standards and Recommended Practices ("MSRP"), Specification M-1001.

32. DJJ knew or ought to have known the Railcar 30478 was structurally defective and could not withstand normal foreseeable in-train forces.

33. The MSRP, including Specification M-1001, represents industry standards across North America and Railcar 30478 should have been compliant with the MSRP, including Specification M-1001. However, it was not in compliance.

34. The in-train forces in the Tunnel were reasonable at all material times; however, Railcar 30478 failed because of the Defects. If Railcar 30478 had been compliant with the MSRP specification M-1001 threshold then Railcar 30478 would not have failed and the derailment would not have occurred.

35. As a result of the Derailment, CN suffered uninsured losses in excess of Twenty Million Dollars ($20,000,000).

36. As a result of the Derailment, CN made a claim to its Property Insurers and the Property Insurers will pay in excess of Twenty Million Dollars ($20,000,000) and therefore the Property Insurers are subrogated to the rights of their Insured up to the amount of said payments.

### COUNT I – NEGLIGENCE

37. That Plaintiffs allege and incorporate by reference paragraphs 1 through 36, the same as if incorporated herein verbatim.

RECEIVED JAY M. DEBOYER 07-08-2021 11:17:18 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

38. That Defendant was under a duty of care to ensure that its railcars, including Railcar 30478, were fit for use and posed no danger to CN's operations, and the public, when used under normal operating conditions.

39. That Defendant breached its duty of care to CN, itself and by and through its agents and employees, and that the breaches directly caused CN's Loss, including one or more of the following negligent acts and/or omissions:

   a. its use of railcars including Railcar 30478 that were defective, secondhand, compromised and unfit for their intended purpose;

   b. its failure to publicly advise of the dangers presented by its railcars, including Railcar 30478, and in particular, to advise CN;

   c. its failure to share information with CN about the structural integrity of its railcars, including Railcar 30478;

   d. its failure to ensure that its railcars, including Railcar 30478, complied with industry standards and all applicable norms;

   e. its failure to detect the Defects;

   f. its failure to have a regular system of inspection and maintenance of its railcars, including Railcar 30478;

   g. its failure to train employees to conduct a regular system of inspection and maintenance of its railcars including Railcar 30478;

   h. its failure to hire competent and qualified employees to conduct a regular system of inspection and maintenance of its railcars including Railcar 30478;

   i. its failure to properly design, engineer and otherwise modify Railcar 30478 prior to placing it on CN's railway to assure that is was structurally sound;

   j. its failure to properly inspect and test the Railcar 30478 after performing modifications; and

   k. its failure to warn that its modifications rendered Railcar 30478 unsafe.

RECEIVED JAY M. DEBOYER 07-08-2021 11:17:18 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

40. The acts, omissions and breaches of the standard of duty and care, as described herein, proximately caused Plaintiff CN and Property Insurers to be damaged in an amount in excess of Forty Million Dollars ($40,000,000).

WHEREFORE, Plaintiffs, Canadian National Railway Company and Property Insurers, as Subrogees of Canadian National Railway Company demand judgment against Defendant The David J. Joseph Company in an amount in excess of Forty Million Dollars ($40,000,000), to be determined by the trier of fact, together with costs, statutory prejudgment and post-judgment interest, and attorney fees wrongfully incurred as a result of the acts of Defendant.

### COUNT II – BREACH OF CONTRACT AND IMPLIED WARRANTY

41. That Plaintiffs allege and incorporate by reference paragraphs 1 through 40, the same as if incorporated herein verbatim.

42. That prior to June 28, 2019, CN entered into a Contract with Defendant DJJ in which Railcar 30478 was placed into service on CN's network, including for transportation between Ontario and Michigan at the time of derailment.

43. CN performed all its obligations under said Contract.

44. Defendant DJJ was obligated to place a railcar in a good and workmanlike manner, free from defect or safety hazard.

45. That Defendant breached its duties under the Contract and warranty of fitness for a particular purpose, due to the following acts and/or omissions:

    a. it did not comply with all applicable standards;

    b. was not fit for intended use on a railroad under normal operating conditions;

    c. was not properly inspected and maintained in accordance with industry standards;

RECEIVED JAY M. DEBOYER 07-08-2021 11:17:18 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

  d. was not able to withstand reasonable forces;

  e. was defective and/or presented a danger for CN's operations; and

  f. otherwise breached express and/or implied terms of the Contract.

46. The Defendant's breaches of contract and warranty caused direct and consequential damages to Plaintiff CN and Property Insurers, in an amount in excess of Forty Million Dollars ($40,000,000).

WHEREFORE, Plaintiffs, Canadian National Railway Company and Property Insurers, as Subrogees of Canadian National Railway Company demand judgment against Defendant The David J. Joseph Company in an amount in excess of Forty Million Dollars ($40,000,000), to be determined by the trier of fact, together with costs, statutory prejudgment and post-judgment interest, and attorney fees wrongfully incurred as a result of the acts of Defendant.

        Respectfully submitted.

        **DENENBERG TUFFLEY, PLLC**

    By: /s/ *Bruce N. Moss*
      Bruce N. Moss (P36588)
      28411 Northwestern Hwy., Ste. 600
      Southfield, MI 48034
      248-549-3900 / 248-593-5808 (fax)
      bmoss@dt-law.com
Dated: July 8, 2021   *Attorneys for Plaintiff*