| Approved, SCAO | | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>31st | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | CASE NO.<br>21001188CB |

Court address  
201 McMorran Blvd., Room 1100, Port Huron, MI 48060      (810) 985-2200

| Plaintiff's name(s), address(es), and telephone no(s).<br>CANADIAN NATIONAL RAILWAY COMPANY, et al. | v | Defendant's name(s), address(es), and telephone no(s).<br>THE DAVID J. JOSEPH COMPANY<br>c/o Registered Agent<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Bruce N. Moss (P36588)<br>Denenberg Tuffley, PLLC, 28411 Northwestern Highway<br>Suite 600, Southfield, MI 48034<br>bmoss@dt-law.com<br>(248) 549-3900 | | |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>JUN 2 5 2021 | This summons expires<br>**91 DAYS** | Court clerk<br>JAY M. DeBOYER |
|---|---|---|

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page ____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

| Date | Signature of attorney/plaintiff |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

RECEIVED JAY M. DEBOYER 06-25-2021 10:39:53 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED
MC 01 (6/17) SUMMONS AND COMPLAINT    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN

IN THE 3<sup>1st</sup> JUDICIAL CIRCUIT COURT FOR THE COUNTY OF ST. CLAIR

| | |
|---|---|
| CANADIAN NATIONAL RAILWAY COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NOS. B0507 UP1814960, B0507 UP1814950, B0507 UP1814951, B0507 UP1814963, B0507 UP1814970, B0507 UP1814973, B0507 UP1814691, B0507 UP1814964, B0507 UP1814958; AMERICAN INTERNATIONAL GROUP UK LIMITED, f/k/a AIG EUROPE LIMITED; AXA XL, f/k/a XL INSURANCE AMERICA, INC.; ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; STARR INSURANCE & REINSURANCE LIMITED; HDI SPECIALTY INSURANCE COMPANY; IRONSHORE INSURANCE LTD.; and OIL CASUALTY INSURANCE, LTD., as Subrogees of Canadian National Railway Company,<br><br>Plaintiffs,<br><br>v.<br><br>THE DAVID J. JOSEPH COMPANY,<br><br>Defendant. | Case: 21001180CB<br>Hon: |

Bruce N. Moss (P36588)
DENENBERG TUFFLEY PLLC
28411 Northwestern Hwy., Suite 600
Southfield, Michigan 48034
(248) 549-3900; (248) 593-5808 (fax)
bmoss@dt-law.com
*Attorneys for Plaintiffs*

---

Plaintiffs verify that this action is comprised of business or commercial disputes, as defined in MCL 600.8031(1)(c), in which the amount in controversy exceeds $25,0000 and meets the Statutory requirement to be assigned to the Business Court.

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously

filed and dismissed or transferred after having been assigned to a Judge.

## COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs, CANADIAN NATIONAL RAILWAY COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NOS. B0507 UP1814960, B0507 UP1814950, B0507 UP1814951, B0507 UP1814963, B0507 UP1814970, B0507 UP1814973, B0507 UP1814691, B0507 UP1814964, B0507 UP1814958; AMERICAN INTERNATIONAL GROUP UK LIMITED, f/k/a AIG EUROPE LIMITED; XL INSURANCE AMERICA, INC.; ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; STARR INSURANCE & REINSURANCE LIMITED; HDI SPECIALTY INSURANCE COMPANY; IRONSHORE INSURANCE LTD. and OIL CASUALTY INSURANCE, LTD., as Subrogees of Canadian National Railway Company, by and through their attorneys, Denenberg Tuffley, PLLC, and state as follows for their Complaint against Defendant THE DAVID J. JOSEPH COMPANY:

### PARTIES

1. That at all times material hereto, Plaintiff, CANADIAN NATIONAL RAILWAY COMPANY (hereinafter referred to as "CN" and/or "Plaintiff" and/or "Insured"), is a corporation incorporated under the laws of Canada with a head office in Montreal, Quebec. CN is engaged in the business of providing freight railway transportation services through Canada and the United States.

2. That at all times material hereto, Plaintiffs CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NOS. B0507 UP1814960, B0507 UP1814950, B0507 UP1814951, B0507 UP1814963, B0507 UP1814970, B0507 UP1814973, B0507 UP1814691, B0507 UP1814964, B0507 UP1814958 are foreign

RECEIVED JAY M. DEBOYER 06-25-2021 10:39:53 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

organizations and underwriters of insurance policies. Underwriters are comprised of a group of syndicates acting by and through their appointed active underwriters and with a principal place of business in and around 1 Lime Street, London, England, and authorized to write policies of insurance in Canada and the United States.

3. That at all times material hereto, Plaintiff AMERICA INTERNATIONAL GROUP UK LIMITED, is an insurance company authorized to write policies of insurance in Canada and the United States.

4. That at all times material hereto, Plaintiff AXA XL, f/k/a XL INSURANCE AMERICA, INC, is an insurance company authorized to write policies of insurance in Canada and the United States.

5. That at all times material hereto, Plaintiff ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA, is an insurance company authorized to write policies of insurance in Canada and the United States.

6. That at all times material hereto, Plaintiff STARR INSURANCE & REINSURANCE LIMITED is an insurance company authorized to write policies of insurance in Canada and the United States.

7. That at all times material hereto, Plaintiff HDI SPECIALTY INSURANCE COMPANY, is an insurance company authorized to write policies of insurance in Canada and the United States.

8. That at all times material hereto, Plaintiff IRONSHORE INSURANCE LIMITED is an insurance company authorized to write policies of insurance in Canada and the United States.

RECEIVED JAY M. DEBOYER 06-25-2021 10:39:53 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

9. That at all times material hereto, Plaintiff OIL CASUALTY INSURANCE, LTD., is an insurance company authorized to write policies of insurance in Canada and the United States.

10. Plaintiffs, CANADIAN NATIONAL RAILWAY COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NOS. B0507 UP1814960, B0507 UP1814950, B0507 UP1814951, B0507 UP1814963, B0507 UP1814970, B0507 UP1814973, B0507 UP1814691, B0507 UP1814964, B0507 UP1814958; AMERICAN INTERNATIONAL GROUP UK LIMITED, f/k/a AIG EUROPE LIMITED; XL INSURANCE AMERICA, INC.; ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; STARR INSURANCE & REINSURANCE LIMITED; HDI SPECIALTY INSURANCE COMPANY; IRONSHORE INSURANCE LTD. and OIL CASUALTY INSURANCE, LTD are hereinafter referred to as "Property Insurers".

11. That at all times material hereto, Defendant, The David J. Joseph Company (hereinafter referred to as "DJJ" and/or "Defendant"), is a corporation organized pursuant to the laws of the State of Delaware. DJJ carries on business throughout the United States of America and operates in a number of sectors, including scrap metal recycling. DJJ is authorized to do business in the County of St. Clair, State of Michigan, and its principal place of business is located at 300 Pike Street, Cincinnati, Ohio 45202 with its registered agent located at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

12. The cause of action, as alleged in this Complaint, arose in whole or in part in the County of St. Clair, State of Michigan.

RECEIVED JAY M. DEBOYER 06-25-2021 10:39:53 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

13. The damages that occurred in this action exceed Twenty-Five Thousand Dollars ($25,000.00).

14. That jurisdiction and venue are proper in this Court.

## FACTS AND GENERAL ALLEGATIONS

15. DJJ owns and leases a fleet of railcars and was at all material times the owner of a railcar identified as DJJX30478 ("Railcar 30478").

16. Railcar 30478 was an open top gondola manufactured in 1978 by Berwick Forge. It was purchased in used condition by DJJ in 2012 having been used for utility coal service, and thereafter used by DJJ for transporting scrap iron and steel.

17. Prior to placing Railcar 30478 into service with CN, DJJ designed, engineered and modified Railcar 30478.

18. That prior to June 28, 2019, CN contracted with DJJ to transport railcars belonging to DJJ, including Railcar 30478, across CN's railroad system.

19. Effective March 1, 2019 through February 29, 2020, CN and DJJ were parties to a Confidential Transportation Agreement identified as CN 518160-AJ-0004-A4. The Agreement is in the custody of Defendant.

20. At all material times, it was an express or implied term of the Contract that DJJ would only put railcars onto CN's network that were:

    a. compliant with all applicable standards;

    b. fit for intended use on a railroad under normal operating conditions; and

    c. properly inspected and maintained in accordance with industry standards.

RECEIVED JAY M. DEBOYER 06-25-2021 10:39:53 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

21. On the evening of June 27, 2019, CN train M38331-27 (the "Train") departed MacMillan Yard located in Vaughan, Ontario and traveled westbound toward Port Huron, Michigan.

22. The Train stopped in Sarnia, Ontario on the morning of June 28, 2019. The Train's consist was partially changed in Sarnia and the Train departed for Port Huron via the Sarnia Tunnel (the "Tunnel").

23. For this stage of the Train's route, it consisted of 140 railcars including Railcar 30478. The railcars represented 125 loaded cars, 12 empty cars and three residue cars with two head end locomotives and one distributed power locomotive.

24. The Train traveled into the Tunnel in the ordinary course and was operated at all times in accordance with applicable standards, regulations and CN protocols. Soon after the head of the train passed the midway point of the Tunnel, the Train initiated emergency brake application.

25. Investigation following the Derailment revealed that the railcars in positions 52 through 98 of the Train had derailed (the "Derailment").

26. Among the railcars that derailed was the railcar in position 68, which was a tank car carrying approximately 13,000 gallons of sulfuric acid that had been breached and released causing extensive environmental contamination.

27. Investigation following the Derailment further disclosed that Railcar 30478 had several defects, including cracks in the welds that secured the shear plate to the stub sill and cracks where the stub sill connects to the side sill (the "Defects").

28. The Defects negatively impacted Railcar 30478's ability to transfer in-train forces.

**RECEIVED JAY M. DEBOYER 06-25-2021 10:39:53 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED**

29. Railcar 30478 was the initial railcar to derail, and this occurred by reason of a sustained structural failure of the A-end of Railcar 30478. This premature failure of Railcar 30478 was the result of the Defects.

30. Railcar 30478 was only able to withstand approximately 40% of the car design threshold outlined by the Association of American Railroads (the "AAR") Manual of Standards and Recommended Practices ("MSRP"), Specification M-1001.

31. DJJ knew or ought to have known the Railcar 30478 was structurally defective and could not withstand normal foreseeable in-train forces.

32. The MSRP, including Specification M-1001, represents industry standards across North America and Railcar 30478 should have been compliant with the MSRP, including Specification M-1001. However, it was not in compliance.

33. The in-train forces in the Tunnel were reasonable at all material times; however, Railcar 30478 failed because of the Defects. If Railcar 30478 had been compliant with the MSRP specification M-1001 threshold then Railcar 30478 would not have failed and the derailment would not have occurred.

34. As a result of the Derailment, CN suffered uninsured losses in excess of Twenty Million Dollars ($20,000,000).

35. As a result of the Derailment, CN made a claim to its Property Insurers and the Property Insurers will pay in excess of Twenty Million Dollars ($20,000,000) and therefore the Property Insurers are subrogated to the rights of their Insured up to the amount of said payments.

## COUNT I – NEGLIGENCE

36. That Plaintiffs allege and incorporate by reference paragraphs 1 through 35, the same as if incorporated herein verbatim.

RECEIVED JAY M. DEBOYER 06-25-2021 10:39:53 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

37. That Defendant was under a duty of care to ensure that its railcars, including Railcar 30478, were fit for use and posed no danger to CN's operations, and the public, when used under normal operating conditions.

38. That Defendant breached its duty of care to CN, itself and by and through its agents and employees, and that the breaches directly caused CN's Loss, including one or more of the following negligent acts and/or omissions:

    a. its use of railcars including Railcar 30478 that were defective, secondhand, compromised and unfit for their intended purpose;

    b. its failure to publicly advise of the dangers presented by its railcars, including Railcar 30478, and in particular, to advise CN;

    c. its failure to share information with CN about the structural integrity of its railcars, including Railcar 30478;

    d. its failure to ensure that its railcars, including Railcar 30478, complied with industry standards and all applicable norms;

    e. its failure to detect the Defects;

    f. its failure to have a regular system of inspection and maintenance of its railcars, including Railcar 30478;

    g. its failure to train employees to conduct a regular system of inspection and maintenance of its railcars including Railcar 30478;

    h. its failure to hire competent and qualified employees to conduct a regular system of inspection and maintenance of its railcars including Railcar 30478;

    i. its failure to properly design, engineer and otherwise modify Railcar 30478 prior to placing it on CN's railway to assure that is was structurally sound;

    j. its failure to properly inspect and test the Railcar 30478 after performing modifications; and

    k. its failure to warn that its modifications rendered Railcar 30478 unsafe.

RECEIVED JAY M. DEBOYER 06-25-2021 10:39:53 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

39. The acts, omissions and breaches of the standard of duty and care, as described herein, proximately caused Plaintiff CN and Property Insurers to be damaged in an amount in excess of Forty Million Dollars ($40,000,000).

WHEREFORE, Plaintiffs, Canadian National Railway Company and Property Insurers, as Subrogees of Canadian National Railway Company demand judgment against Defendant The David J. Joseph Company in an amount in excess of Forty Million Dollars ($40,000,000), to be determined by the trier of fact, together with costs, statutory prejudgment and post-judgment interest, and attorney fees wrongfully incurred as a result of the acts of Defendant.

## COUNT II – BREACH OF CONTRACT AND IMPLIED WARRANTY

40. That Plaintiffs allege and incorporate by reference paragraphs 1 through 39, the same as if incorporated herein verbatim.

41. That prior to June 28, 2019, CN entered into a Contract with Defendant DJJ in which Railcar 30478 was placed into service on CN's network, including for transportation between Ontario and Michigan at the time of derailment.

42. CN performed all its obligations under said Contract.

43. Defendant DJJ was obligated to place a railcar in a good and workmanlike manner, free from defect or safety hazard.

44. That Defendant breached its duties under the Contract and warranty of fitness for a particular purpose, due to the following acts and/or omissions:

    a. it did not comply with all applicable standards;

    b. was not fit for intended use on a railroad under normal operating conditions;

    c. was not properly inspected and maintained in accordance with industry standards;

RECEIVED JAY M. DEBOYER 06-25-2021 10:39:53 CLERK OF THE 31ST CIRCUIT COURT - FAX FILED

  d. was not able to withstand reasonable forces;

  e. was defective and/or presented a danger for CN's operations; and

  f. otherwise breached express and/or implied terms of the Contract.

45. The Defendant's breaches of contract and warranty caused direct and consequential damages to Plaintiff CN and Property Insurers, in an amount in excess of Forty Million Dollars ($40,000,000).

WHEREFORE, Plaintiffs, Canadian National Railway Company and Property Insurers, as Subrogees of Canadian National Railway Company demand judgment against Defendant The David J. Joseph Company in an amount in excess of Forty Million Dollars ($40,000,000), to be determined by the trier of fact, together with costs, statutory prejudgment and post-judgment interest, and attorney fees wrongfully incurred as a result of the acts of Defendant.

## JURY DEMAND

NOW COME Plaintiffs, by and through their attorneys, Denenberg Tuffley, PLLC, and hereby demand a trial by jury in this matter.

              Respectfully submitted.

              **DENENBERG TUFFLEY, PLLC**

          By: */s/ Bruce N. Moss*
             Bruce N. Moss (P36588)
             28411 Northwestern Hwy., Ste. 600
             Southfield, MI 48034
             248-549-3900 / 248-593-5808 (fax)
             bmoss@dt-law.com
Dated: June 25, 2021       *Attorneys for Plaintiff*

STATE OF MICHIGAN

IN THE 3<sup>1st</sup> JUDICIAL CIRCUIT COURT FOR THE COUNTY OF ST. CLAIR

| | |
|---|---|
| CANADIAN NATIONAL RAILWAY COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NOS. B0507 UP1814960, B0507 UP1814950, B0507 UP1814951, B0507 UP1814963, B0507 UP1814970, B0507 UP1814973, B0507 UP1814691, B0507 UP1814964, B0507 UP1814958; AMERICAN INTERNATIONAL GROUP UK LIMITED, f/k/a AIG EUROPE LIMITED; AXA XL, f/k/a XL INSURANCE AMERICA, INC.; ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; STARR INSURANCE & REINSURANCE LIMITED; HDI SPECIALTY INSURANCE COMPANY; IRONSHORE INSURANCE LTD.; and OIL CASUALTY INSURANCE, LTD., as Subrogees of Canadian National Railway Company, <br><br>Plaintiffs, <br><br>v. <br><br>THE DAVID J. JOSEPH COMPANY, <br><br>Defendant. | Case No. **21001180CB** <br> Hon.: <br><br>**JURY DEMAND** |

_____/

Bruce N. Moss (P36588)
DENENBERG TUFFLEY PLLC
28411 Northwestern Hwy., Suite 600
Southfield, Michigan 48034
(248) 549-3900; (248) 593-5808 (fax)
bmoss@dt-law.com
*Attorneys for Plaintiffs*

_____/

## JURY DEMAND

NOW COME Plaintiffs, by and through their attorneys, Denenberg Tuffley, PLLC, and hereby demand a trial by jury in this matter.

                                    Respectfully submitted,

                                    **DENENBERG TUFFLEY, PLLC**

By: */s/ Bruce N. Moss*
Bruce N. Moss (P36588)
28411 Northwestern Hwy., Ste. 600
Southfield, MI 48034
248-549-3900 / 248-593-5808 (fax)
bmoss@dt-law.com

Dated: June 25, 2021                     *Attorneys for Plaintiff*

# Electronic Fax Filing - New Case Submission

Stage:
## Unprocessed
Payment Status:
## Completed

### Field Values:

Enter Your Name Here:: **Bruce N. Moss**
P-Number (Ex: P99999): **P36588**
Email address to where timestamp copies should be returned to:: **smaynard@dt-law.com**
Mailing Address:: **28411 Northwestern Highway, Suite 600**
City:: **Southfield**
State:: **Michigan**
ZIP:: **48034**
Phone Number:: **248-549-3900**
Select Filing Option: **Civil Filing With Jury Demand $260**
Select Filing Option - 1: **Summons**
Is there a previously filed case involving the same parties?: **No**
How many Sealed Copies of the Summons would you like mailed back to you? ($2.00 for any number up to 3, no charge for 0): **1**
A date-stamped copy of the first page of each pleading E-mailed back to me.: **Checked(Selected)**
A copy of the motion I'm filing forwarded to the judge.: **Not Checked(Unselected)**

Submission Cost: **280.38**
Total Cost (to be) Paid by Purchaser: **280.38**
Internal Transaction Number: **1020643890951**
Submitted: **06-25-2021 10:39:53**