UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| CANADIAN NATIONAL RAILWAY COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NOS. 1814950, 1814958, 1814959, 1814960, 1814961, 1814963, 1814973; AMERICAN INTERNATIONAL GROUP UK LIMITED, f/k/a/ AIG EUROPE LIMITED; AXA XL, f/k/a XL INSURANCE COMPANY OF CANADA; ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; STARR INSURANCE & REINSURANCE LIMITED; HDI SPECIALTY INSURANCE COMPANY; ASSICURAZIONI GENERALI S.p.A., IRONSHORE INSURANCE LTD.; and OIL CASUALTY INSURANCE, LTD., as Subrogees of Canadian National Railway Company; | Case No. 21-cv-11931<br><br>Hon. Linda V. Parker |

      Plaintiffs,

v.

THE DAVID J. JOSEPH COMPANY,

      Defendant.

_____

**MOTION TO DISMISS AND/OR STAY AND COMPEL ARBITRATION**

1

Defendant, The David J. Joseph Company ("DJJ"), hereby moves this Court pursuant to 9 U.S.C. §§3-4, in lieu of answering the Complaints in the captioned matter and in the related action at *Continental Casualty Co., et al. v. The David J. Joseph Co.*, 2:21-cv-11760-LVP-CI ("Continental Action")[1], to dismiss and/or stay these actions and compel arbitration. In support of this Motion, DJJ relies on the accompanying Brief in Support of Defendant's Motion to Dismiss and/or Stay and Compel Arbitration, which is incorporated herein by reference, the pleadings and papers on file in this action, the related proceeding referenced above and such other and further evidence and argument as may be permitted.

There was a telephone conference between counsel for DJJ and counsel for Plaintiffs on August 26, 2021 during which counsel for DJJ explained the nature of the Motion and its legal basis, but counsel for DJJ did not obtain concurrence in the relief sought.

---

[1] In the interests of judicial economy and convenience of the parties, Defendant has concurrently requested consolidation of these two proceedings under Federal Rule of Civil Procedure 42(a) and Local Rule 42.1 in the Continental Action. The instant case was reassigned from the Hon. David M. Lawson to the Hon. Linda V. Parker on August 25, 2021. (ECF Doc. No. 5).

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
_____

| | |
|---|---|
| CANADIAN NATIONAL RAILWAY COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NOS. 1814950, 1814958, 1814959, 1814960, 1814961, 1814963, 1814973; AMERICAN INTERNATIONAL GROUP UK LIMITED, f/k/a/ AIG EUROPE LIMITED; AXA XL, f/k/a XL INSURANCE COMPANY OF CANADA; ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; STARR INSURANCE & REINSURANCE LIMITED; HDI SPECIALTY INSURANCE COMPANY; ASSICURAZIONI GENERALI S.p.A., IRONSHORE INSURANCE LTD.; and OIL CASUALTY INSURANCE, LTD., as Subrogees of Canadian National Railway Company; | Case No. 21-cv-11931<br><br>Hon. Linda V. Parker |

      Plaintiffs,

  v.

THE DAVID J. JOSEPH COMPANY,

      Defendant.

---

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION TO DISMISS AND/OR STAY AND
<u>COMPEL ARBITRATION</u>**

3

96441987v.4

## CONCISE STATEMENT OF ISSUES PRESENTED

Whether this Court should dismiss or, at minimum, stay all proceedings in the captioned matter and all related proceedings in the matter styled *Continental Casualty Co., et al. v. The David J. Joseph Co.*, 2:21-cv-11760-LVP-CI, and compel arbitration of the dispute between the parties as provided in 9 U.S.C. §§3-4.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- 9 U.S.C. §2

- 9 U.S.C. §3

- 9 U.S.C. §4

## ARGUMENT

Defendant is in possession of a contract with Plaintiff CNR, to which the other Plaintiffs, subrogee insurers, would be bound as well, and which contains an alternative dispute resolution provision requring arbitration of any related disputes between CNR and DJJ.  Defendant has previously requested a copy of the contract alleged by the Plaintiffs to confirm the presence of the subject arbitration provision, but has not received it as of the date of this filing and is thus not clear

4

whether the Plaintiffs agree to proceeding with an arbitration as requested herein in lieu of the instant proceedings. Nonetheless, the Federal Arbitration Act makes arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This Act creates a substantive body of federal arbitration law that requires courts to enforce arbitration contracts "according to their terms." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019); see also *Flint v. Bank of Am., N.A.*, No. 15-13006, 2016 WL 1444505, at *3 (E.D. Mich. Apr. 13, 2016) (quoting 9 U.S.C. § 2; citing *Javitch v. First Union Sec., Inc.,* 315 F.3d 619, 624 (6th Cir. 2003)).

"It is a well-established rule that any doubts regarding arbitrability should be resolved in favor of arbitration." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) (citation omitted). "Federal Courts of Appeal, including the Sixth Circuit ... have authorized dismissal where all claims in an action are to be submitted to arbitration and where staying the action and retaining jurisdiction would serve no purpose." *Mays v. Garden*, 19-CV-12231, 2019 WL 5212219, at *5 (E.D. Mich. Oct. 16, 2019) (internal quotations and citations omitted). "[A] court can decline to enforce an arbitration agreement under the FAA only if the plaintiff can point to a generally applicable principle of contract law under which the agreement could be revoked." *Morrissette v. Pinnacle Asset Group, LLC*, 14-

5

10259, 2014 WL 7792548, at *2 (E.D. Mich. Nov. 5, 2014) (citation omitted). In a case such as this, the Court is to determine whether the parties agreed to arbitration, the scope of the agreement to arbitrate and, if it concludes that some, but not all, of the claims in the action are subject to arbitration, whether to stay the remainder of the proceedings pending arbitration. *Id*. Here, all of the claims at issue come within the scope of arbitration as the dispute all relates to the transport by Plaintiffs (CNR and its subrogee insurers) of a railcar owned by DJJ. As alleged by the Plaintiffs such carriage was accomplished pursuant to a transportation contract between CNR and DJJ. See ECF Doc. No. 1, ¶20 (alleging an unspecified written agreement); see also *Continental Casualty Co., et al. v. The David J. Joseph Co.*, 2:21-cv-11760-LVP-CI at ECF Doc No. 1-1, PageID.13, ¶17 (alleging that "DJJ leased and/or bailed the RAILCAR to CNR" and that "DJJ has a copy of the written agreement in its possession"). The Plaintiffs do not provide a copy of the contract with their Complaints, but the entirety of the arbitration provision in the transportation contract in the possession of DJJ and currently in place with CNR provides as follows:

> "A. In the event of any dispute between the Parties with respect to the interpretation or enforcement of this Contract that the Parties cannot resolve through independent negotiation and escalation through their respective representatives (a "Dispute"), the Parties agree to enter into

6

96441987v.4

mediation with the intention of reaching a consensual resolution of their Dispute. Each Party will be responsible for its own costs and both Parties will share equally in the costs of, and the services provided by the mediator. The timeline for completion of the mediation will be fifteen (15) working days from the date of the appointment of the mediator unless otherwise agreed by the Parties.

   B. In the event that the Dispute is not fully resolved at the end of the mediation process, either Party shall submit the matter to binding arbitration to the exclusion of any other court or tribunal. The arbitration shall be conducted before a single arbitrator in accordance with the arbitration act of the province or state where the Customer is situated."

CN Confidential Transportation Master Agreement No. 564596-AA 0000.

As the foregoing arbitration provision makes clear, any dispute with respect to the interpretation or enforcement of the transportation contract between DJJ and CNR should first proceed to a mediation and, if unsuccesful, then to arbitration. Neither of those steps have yet occurred in this matter. In this instance, as noted, DJJ has requested confirmation from Plaintiffs' counsel as to the contract at issue to be sure the parties are addressing the same contract, but the response received to date has not provided such confirmation.

It is also well-settled that the alleged subrogee insurers of CNR, the remaining plaintiffs in these matters, are bound by the same arbitration provision as CNR. A "subrogated insurer is merely substituted for his insured. This is true whether subrogation is equitable or conventional ...." *Auto Club Ins. Ass'n v. Health All. Plan*, 2:07-CV-14839, 2009 WL 236064, at *4 (E.D. Mich. Jan. 29, 2009) (internal quotations and citation omitted). "A subrogee stands in the shoes of his subrogor, and acquires no greater rights than the one whose claim he assumes by reason of the subrogation agreement." *Truck Ins. Exch. v. Bd. of County Rd. Com'rs of Montcalm County*, 244 F. Supp. 782, 783 (W.D. Mich. 1965). Further still, "[C]ourts have held that a nonsignatory of an arbitration agreement may be bound under ordinary contract and agency principles. *Morris v. PaineWebber Inc.*, L89-30046-CA, 1989 WL 223015, at *5 (W.D. Mich. Nov. 3, 1989); *see also Wells Fargo Bank Int'l Corp. v. London Steam-Ship Owners' Mut. Ins. Ass'n, Ltd.*, 408 F. Supp. 626, 629 (S.D.N.Y. 1976) ("[a]ssignees and subrogated insurers have been held to arbitration agreements they never signed."). Accordingly, as all of the alleged Plaintiffs in these matters consist of CNR and CNR's alleged subrogated insurers, they are all bound by the same abritation agreement and all of their claims which relate to and arise out of CNR's movement of a DJJ railcar should be dismissed or stayed and compelled to proceed in arbitration in accordance with the arbitration agreement in place between DJJ and CNR.

8

96441987v.4

WHEREFORE, DJJ respectfully requests, for the reasons stated in the foregoing and in DJJ's accompanying Motion to Dismiss and/or Stay and Compel Arbitration that this Court dismiss or stay all of Plaintiffs' claims and compel arbitration of the same based on 9 U.S.C. §§3-4 and for any further relief as this Court deems just and proper.

                                              Respectfully submitted,
                                              Varnum LLP

Dated:  August 27, 2021        By:   */s/ Bradley S. Defoe*
                                                    Bradley S. Defoe (P70233)
                                                      Attorneys for Defendant
                                                      260 East Brown Street, Suite 150
                                                      Birmingham, MI 48009
                                                      (248) 567-7800
                                                      bsdefoe@varnumlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF participants listed for this case.

Dated:  August 27, 2021        By:   */s/ Bradley S. Defoe*
                                                      Bradley S. Defoe (P70233)