## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

CANADIAN NATIONAL RAILWAY
COMPANY, et al.,

                Plaintiffs,        Case No. 2:21-cv-11931

v.                                  HON. LINDA V. PARKER

THE DAVID J. JOSEPH COMPANY,

                Defendant.

_____/

BRUCE N. MOSS (P36588)
CHRISTOPHER R. SCHAEDIG (P79649)
**DENENBERG TUFFLEY, PLLC**
Attorneys for Plaintiffs
28411 Northwestern Hwy., Ste. 600
Southfield, MI 48034
Ph: (248) 549-3900  Fax: (248) 593-5808
bmoss@dt-law.com
cschaedig@dt-law.com

_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND/OR STAY AND COMPEL ARBITRATION

## **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND/OR STAY AND COMPEL ARBITRATION**

## **STATEMENT OF ISSUES PRESENTED**

Should this Court grant Defendant's Motion to Dismiss and/or Stay and Compel Arbitration when the parties entered into the contract upon which Defendant relies after the incident that led to the instant suit, the contract in force at the time of the incident did not have an arbitration clause, and Plaintiffs entirely maintain their cause of action without reference to the post-loss contract?

Plaintiffs respectfully answer, "No."

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY

1. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386 (6th Cir. 2003)

2. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287; 130 S. Ct. 2847; 177 L. Ed. 2d 567 (2010)

## **INTRODUCTION AND STATEMENT OF FACTS**

Plaintiffs, Canadian National Railway Company; Certain Underwriters at Lloyd's of London Subscribing to Policy Nos. 1814950, 1814958, 1814959, 1814960, 1814961, 1814963, and 1814973; American International Group UK Limited f/k/a AIG Europe Limited; AXA XL f/k/a XL Insurance Company of Canada; Royal & Sun Alliance Insurance Company of Canada; Starr Insurance & Reinsurance Limited; HDI Specialty Insurance Company; Assicurazioni Generali S.p.A.; Ironshore Insurance Ltd.; and OIL Casualty Insurance, Ltd., as Subrogees of Canadian National Railway Company, respond as follows to Defendant, The David J. Joseph Company's, Motion to Dismiss and/or Stay and Compel Arbitration and ask this Court to deny Defendant's motion.

Plaintiffs allege numerous contract and warranty breaches on Defendant's part in conjunction with an incident that occurred on June 27, 2019.[1] Before that incident, which forms the exclusive basis of the case at bar, the parties entered into a Confidential Transportation Agreement identified as CN 518160-AJ-0001 ("CTA").[2] The CTA provided effective dates of March 1, 2019, to February 29, 2020 and was therefore in force when the incident occurred.[3] The CTA, which is confidential and in Defendant's possession, does not contain an arbitration clause.

Close to a year after the incident, the parties entered into a second contract, CN Confidential Transportation Master Agreement No. 564596-AA 0000 ("CTMA").[4] The CTMA

---

[1] Ex. 1, Plaintiffs' First Amended Complaint, July 8, 2021, filed in Case No. 21-001180-CB, St. Clair (MI) Circuit Court, pp 6-10.
[2] *Id*. at 5.
[3] *Id*. at 5-6.
[4] Ex. 2, CN Confidential Transportation Master Agreement No. 564596-AA 0000, March 1, 2020, p 1. Defendant did not attach the CTMA to its motion as an exhibit; Plaintiffs do so here for the Court's reference.

was effective from March 1, 2020, to August 31, 2021.[5] The CTMA contained a dispute-resolution section with an arbitration clause.[6] Defendant now seeks to compel arbitration under the CTMA.

## ARGUMENT

I. **The Court Should Deny Defendant's Motion Because the CTA That Was in Force at the Time of the Incident Did not Have an Arbitration Provision, the CTMA with the Arbitration Provision Only Took Effect after the Incident, and Plaintiffs Maintain Their Cause of Action Without Reference to the CTMA.**

As noted by no less an authority than the United States Supreme Court, "Arbitration is strictly a matter of consent, . . . and thus is a way to resolve those disputes—*but only those disputes*—that the parties have agreed to submit to arbitration." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298; 130 S. Ct. 2847; 177 L. Ed. 2d 567 (2010) (emphasis added). In cases where the parties signed multiple contracts—particularly when one agreement had an arbitration clause and the other did not—the critical inquiry in determining whether the arbitration clause applies is whether the action can be maintained without reference to the agreement containing the arbitration clause. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir. 2003).

Here, the CTMA, which the parties entered into nearly a year after the incident, certainly contained an arbitration provision. The CTA, which was actually in force at the time of the lawsuit, did not. Based solely on those facts, Plaintiffs would argue that the parties' rights and obligations were fixed at the time of the incident and that the subsequent contract and its arbitration clause do not apply.

---

[5] *Id*.
[6] *Id*. at 4.

More importantly, though, Plaintiffs' complaint makes no reference whatsoever to the CMTA, Plaintiff Canadian National Railway Company's ("CN") rights under it, or any purported breach of it by Defendant. Plaintiffs instead rely entirely on their negligence claims and the CTA's express or implied terms, including that Defendant would only put railcars onto CN's network that were compliant with all applicable standards, fit for intended use on a railroad under normal operating conditions, and properly inspected and maintained in accordance with industry standards.

The instant action can therefore be maintained entirely without reference to the CTMA, the only contract here that contains an arbitration clause. *Id*. at 395. There is no evidence that the parties intended to resolve disputes under the CTA through arbitration, and this Court should not compel Plaintiffs to do so now. *Granite Rock*, 561 U.S. at 298. Accordingly, this Court should deny Defendant's motion and allow this case to proceed.

Dated: September 10, 2021                    Respectfully submitted,

/s/ Christopher R. Schaedig
BRUCE N. MOSS (P36588)
CHRISTOPHER R. SCHAEDIG (P79649)
**DENENBERG TUFFLEY, PLLC**
Attorneys for Plaintiffs
28411 Northwestern Hwy., Ste. 600
Southfield, MI 48034
Ph: (248) 549-3900  Fax: (248) 593-5808
bmoss@dt-law.com
cschaedig@dt-law.com

LOCAL RULE CERTIFICATION: I, Christopher R. Schaedig, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).