# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

_____

CANADIAN NATIONAL RAILWAY COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NOS. 1814950, 1814958, 1814959, 1814960, 1814961, 1814963, 1814973; AMERICAN INTERNATIONAL GROUP UK LIMITED, f/k/a/ AIG EUROPE LIMITED; AXA XL, f/k/a XL INSURANCE COMPANY OF CANADA; ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; STARR INSURANCE & REINSURANCE LIMITED; HDI SPECIALTY INSURANCE COMPANY; ASSICURAZIONI GENERALI S.p.A., IRONSHORE INSURANCE LTD.; and OIL CASUALTY INSURANCE, LTD., as Subrogees of Canadian National Railway Company;

    Plaintiffs,

v.

THE DAVID J. JOSEPH COMPANY,

    Defendant.

Case No. 21-cv-11931

Hon. Linda V. Parker

**REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS AND/OR STAY AND COMPEL ARBITRATION**

Defendant DJJ's Motion to Dismiss and Compel Arbitration ("instant Motion") was filed in each of two related actions that DJJ has also moved to consolidate: *Canadian National Railway Co., et al. v. The David J. Joseph Co.*, 2:21-cv-11931-LVP-CI ("CNR Action") and *Continental Casualty Co., et al. v. The David J. Joseph Co.*, 2:21-cv-11760-LVP-CI ("Continental Action"). None of the Plaintiffs in either of these two related actions have opposed the motion to consolidate. Accordingly, DJJ respectfully requests their motion to consolidate be granted as unopposed.

In curiously unresponsive lockstep, the Plaintiffs in each action also opposed DJJ's instant Motion by refusing to produce or otherwise provide, despite DJJ's requests pre and post filing of the Motion, the contract the Plaintiffs allege in their complaints that DJJ breached. Neither of the complaints in these actions cites any provision of this alleged contract or even quotes from the contract. It remains a mystery what term or terms Plaintiffs assert DJJ purportedly breached. Notwithstanding this curious position of the Plaintiffs, their responses, putatively in opposition to DJJ's Motion to Dismiss and Compel Arbitration, plainly establish that the only written contract before the Court between CNR and DJJ is the one referenced by DJJ in its Motion, the one that contains the arbitration provision DJJ quoted and cited in its Motion, and the one that requires that the dispute between the parties is to be arbitrated if it was not sooner resolved through mediation. Indeed,

Plaintiffs even attach a copy of this agreement to their responses – the only agreement they have submitted to, quoted from, and is before this Court. (See e.g, CNR Response at Exh. B). The Plaintiffs also agree that this contract DJJ cited was the contract in effect at the time this litigation was filed and does not dispute that it contains the arbitration provision DJJ quoted. In short, there is nothing properly before the Court contesting DJJ's motion.

Plaintiffs instead simply assert that a prior agreement that they do not provide, do not even quote from and did not attach to either of their complaints does not have an arbitration provision. CNR and subrogee counsel asserts that this phantom agreement is in DJJ's possession, but it is not and DJJ's Motion made this clear. Remarkably, DJJ asked these counsel for a copy of this agreement and to date they simply refuse to provide it. Curiously, the apparent reason given in their response for not attaching the contract they assert exists and applies is that it is confidential, but so was the contract they actually did attach and referenced in their responses, so that surely isn't the reason. More likely, this is because the contract before the Court and that CNR attached and from which DJJ accurately quoted the arbitration provision in its Motion, is also the agreement that provides, in pertinent part,

> "[t]his Contract constitutes the entire agreement and merges and supersedes all prior understandings and representations between the Carriers [CNR] and

> the Customer [DJJ] concerning the subject matter." (Response at Exh B., Para. N).

This merger clause expressly states that it merges and supersedes all prior understandings and representations between CNR and DJJ concerning the subject matter – CNR's transport of DJJ railcars on CNR rails. Regardless, and again, all CNR has presented in opposition to DJJ's motion is attorney argument. If CNR wishes to rely on this other agreement, why not attach it? Why not quote the terms it says apply or the terms it says were breached? Whatever their reason for hiding such an apparently important ball despite requests to share it, the contract that applied at the time the plaintiffs filed this suit is the only contract properly before the court, it is the contract that incorporated and merged all prior agreements between the parties and it is the contract that provides this dispute should be arbitrated. Plaintiffs, despite ample opportunity to do so, have presented no substantive opposition to DJJ's motion. Accordingly, this Court should grant DJJ's request that this matter be dismissed and arbitration compelled, *instanter*.

                                                Respectfully submitted,

                                                V<small>ARNUM</small> LLP

Dated:  October 15, 2021        By:   */s/ Bradley S. Defoe*
                                                      Bradley S. Defoe (P70233)
                                                      Attorneys for Defendant
                                                      260 East Brown Street, Suite 150
                                                      Birmingham, MI 48009
                                                      (248) 567-7800
                                                      bsdefoe@varnumlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF participants listed for this case.

Dated:  October 15, 2021        By:   */s/ Bradley S. Defoe*