UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTINENTAL CASUALTY CO.,
a/s/o Canadian National Railway
Company, et al.,

    Plaintiffs,

v.                            Civil Case No. 21-11760
                           Honorable Linda V. Parker

DAVID J. JOSEPH COMPANY,

    Defendant.
_____/

CANADIAN NATIONAL RAILWAY CO.,
et al.,

    Plaintiffs,

                           Civil Case No. 21-11931
                           Honorable Linda V. Parker
v.

DAVID J. JOSEPH CO.,

    Defendant.
_____/

**OPINION AND ORDER (1) GRANTING DEFENDANT'S MOTION TO CONSOLIDATE AND (2) DENYING DEFENDANT'S MOTIONS TO DISMISS AND/OR STAY AND COMPEL ARBITRATION**

These actions arise from a Canadian National Railway Company ("CNR") train derailment on June 28, 2019, near Port Huron, Michigan. (ECF No. 1-1 at Pg ID 15, ¶¶ 27, 28.)[1] The Plaintiffs include CNR and its alleged subrogees. Plaintiffs seek to recoup alleged property damage payments made to CNR based on negligence, breach of contract, indemnification, and contribution against Defendant David J. Joseph Company ("DJJ"). (*Id*.) The matter is now before the Court on DJJ's motion to consolidate the two actions, filed in Civil Case No. 21-11760 (ECF No. 9), and motions to dismiss or, alternatively to stay, and compel arbitration, filed in both cases. (*See* ECF No. 10)

DJJ moves to consolidate the above-captioned lawsuits pursuant to Federal Rule of Civil Procedure 42(a) and Eastern District of Michigan Local Rule 42.1. (ECF No. 9.) Plaintiffs have not responded to the motion. As the cases involve common questions of law and fact, and because considerations of judicial convenience favor consolidation, the Court is granting the motion.

In addition, DJJ moves to compel arbitration and asks the Court to dismiss or stay the proceedings pending arbitration. (ECF No. 10.) The motion is fully briefed. (ECF Nos. 17, 19, 21.) DJJ asserts that Plaintiffs' claims are barred by an agreement to arbitrate any disputes arising out of the contract between it and CNR.

---

1 All docket citations will be to Civil Case No. 21-11760.

2

For the reasons discussed below, the Court denies DJJ's motions to compel arbitration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As indicated, these actions arise from a June 28, 2019 train derailment, which Plaintiffs allege was caused by a defective railcar owned by DJJ. DJJ had leased the railcar to CNR pursuant to a written agreement, identified as CN Confidential Transportation Agreement No. 518160-AJ-0001, which was effective from March 1, 2019 to February 29, 2020 ("CTA"). (ECF No. 17 at Pg ID 66.) However, DJJ does not rely upon this contract in seeking to compel arbitration. (ECF No. 21 at Pg ID 134-35.) Instead, DJJ relies on CN Confidential Transportation Master Agreement No. 564596-AA 0000, which was effective from March 1, 2020 through August 31, 2021 ("CTMA"). (ECF No. 21 at Pg ID 134-35; *see also* ECF No. 17-2 at Pg 88.)[2] CTMA, which DJJ did not attach to its motions but which Plaintiffs supplied in response, reads, in pertinent part:

**10. DISPUTE RESOLUTION**

---

[2] Finding DJJ's motion less than clear as to which agreement it was relying upon to compel arbitration, the Court issued an order on February 4, 2022, requiring DJJ to file a supplemental brief "clearly articulat[ing] the contract(s) containing the arbitration provision(s) on which it relies . . ." (ECF No. 20.) The Court also ordered any party possessing the CTA to submit a copy for *in camera* review to the Court's case manager. (*Id.*) Plaintiffs did submit the CTA; however, the Court now finds it irrelevant in light of DJJ's unequivocal indication that it relies only on the CTMA in seeking to compel arbitration. (ECF No. 21.)

3

> A. In the event of any dispute between Parties with respect to the interpretation or enforcement of this Contract that the Parties cannot resolve through independent negotiation and escalation through their respective representatives (a "Dispute"), the Parties agree to enter into mediation . . .
>
> B. In the event that the Dispute is not fully resolved at the end of the mediation process, either Party shall submit the matter to binding arbitration to the exclusion of any other court or tribunal . . .

(ECF No. 17-2 at Pg ID 91.)

## II. APPLICABLE LAW & ANALYSIS

The Federal Arbitration Act ("FAA") embodies a pro-arbitration federal policy, while retaining the role of contract in the creation of arbitration agreements. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Under the FAA, a written agreement to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[A]ny doubts regarding arbitrability should be resolved in favor of arbitration." *Fazio v. Lehman Bros.*, 340 F.3d 386, 392 (6th Cir. 2003). However, arbitration is always "a matter of consent." *Volt Info. Sciences., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989).

The first decision the court must make when considering a motion to compel arbitration is to "determine whether the parties agreed to arbitrate." *Fazio*, 340

F.3d at 392. While the parties agreed to arbitrate in the CTMA, they had not at the time of the subject accident. (ECF No. 17 at Pg ID 66.) Nevertheless, DJJ maintains that pursuant to the CTMA's merger clause, that contract "supersedes all prior understandings and representations between CNR and DJJ concerning the subject matter—CNR's transport of DJJ railcars on CNR rails." (ECF No. 19 at Pg ID 128-29.) This clause reads: "This Contract constitutes the entire agreement and merges and supersedes all prior understandings and representations between the Carriers [CNR] and the Customer [DJJ] concerning the subject matter." (ECF No. 17-2 at Pg ID 89, ¶ 2.N.)

In *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369 (1999), however, the Sixth Circuit expressly rejected such an interpretation of a "standard boilerplate integration provision." *See also Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 504 (6th Cir. 2007) (citing *Security Watch*). Like *Security Watch*, the arbitration provision in the CTMA does not reach disputes related to the transportation of DJJ's products by CNR under earlier agreements. While the provision broadly encompasses "any dispute[,]" it expressly limits such disputes to those "with respect to the interpretation or enforcement of *this* Contract . . . ." (ECF No. 17-2 at Pg ID 91 (emphasis added).) The CTMA, like the contract containing the arbitration clause in *Security Watch*, specifies the term of the contract—here, from March 1, 2020 until August 31, 2021. (*Id.* at Pg ID 88.) The

5

merger clause does not reflect an agreement to arbitrate disputes arising under previous contracts or prior to March 1, 2020, and "no other provision of the later agreement even remotely intimate[s] that the parties ever contemplated so radical a retroactive renegotiation of their earlier agreements." *Security Watch*, 176 F.3d at 373 (internal quotation marks and citation omitted).

As the Sixth Circuit concluded in *Security Watch*, if the parties intended to apply the new dispute resolution provision to disputes arising under previous contracts, "they would have done so explicitly." *Id.* at 374 (footnote omitted). They did not. Therefore, Plaintiffs cannot be compelled to arbitrate the current dispute.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Consolidate, filed in Civil Case No. 21-11760 (ECF No. 9), is **GRANTED**, and the Clerk of the Court shall consolidate the above-captioned matters with Civil Case No. 21-11760 being the lead case. The Clerk of the Court shall also **CLOSE** Civil Case No. 21-11931.

**IT IS FURTHER ORDERED** that all future filings shall be made in the lead case, Civil Case No. 21-11760, only.

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss and/or Stay and Compel Arbitration, filed in 21-11760 and 21-11931 (ECF Nos. 10, 9,

respectively), are **DENIED**.

    **IT IS SO ORDERED.**

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: March 17, 2022